SALVADOR ITURRINO, Plaintiff and Appellee, *v.* LYDIA FIGUEROA, Defendant and Appellant.

No. 8556.  Argued November 25, 1942.—Decided December 22, 1942.

*Miranda & Miranda Esteves* for appellant.  *Francisco Navarro Mendía* and *Otero Suro & Otero Suro* for appellee.

MR. JUSTICE TODD, JR., delivered the opinion of the court.

The District Court of San Juan, after having noted the default of the defendant, entered judgment for the plaintiff in this suit for divorce filed by a husband against his wife for desertion, and in this appeal the defendant alleges that said court erred in considering a complaint which does not

state facts sufficient to constitute a cause of action; in finding for the plaintiff on the sole testimony of the latter, which was not corroborated by the testimony of disinterested persons; and for the additional reason that the evidence was sufficient to sustain the judgment.

The *Fiscal* of this court, to whom the case was referred for a report in accordance with the rules of this court, has recommended that the judgment appealed from be reversed because he is of the opinion that the evidence submitted is not sufficient to sustain it.

The complaint was filed in the lower court on January 22, 1941, and after it was alleged that the parties were married in the year 1933 and that two children were begotten therefrom, who at that date were six and four years old, respectively, the following was alleged in the fourth averment:

"4. That the plaintiff and the defendant lived in the best conjugal relations until the end of the year 1939 at which date both spouses had their home in the city of Río Piedras, the defendant without any offense on the part of the plaintiff, against the latter's will and without reasonable cause, abandoned the plaintiff in the home which they had constituted, and from that date has refused to live with the plaintiff, she having gone to live in the city of New York and there having completely ceased from that time all marital relation between the spouses without hope of reconciliation."

Service on the defendant was made by publication, and when she failed to appear, a default was noted against her. The case was set for trial on the special docket. The only evidence submitted to sustain the allegations of the complaint with respect to the supposed desertion of the defendant was the testimony of the plaintiff himself, who briefly testified that he was married to the defendant in the year 1933 at Cayey, and that two children, seven and five years of age, were begotten therefrom and are living; that after the marriage they lived in Río Piedras until the year 1940; that

towards the end of 1939 the defendant, without any apparent motive, left the house and that since she had done this frequently he did not take it seriously and thought that she would return; that he did not consent to her desertion and asked her to return and tried to find out her whereabouts through some friends; that they never had any more relations; that he does not know her whereabouts; that he thinks that she left the Island, based upon some information which he received in December towards the end of 1939; that when she left the Island, they were living at Río Piedras; that he does not know the exact date on which she left, because they used to quarrel and she used to go to her family's house and that he tried to find out about her whereabouts from some friends in Río Piedras and they told him that she had not been there; that he tried to find her in Río Piedras where she had some relatives but could not find her; that he wrote to an uncle of his who is a detective in New York to see if he could find out her whereabouts because a friend had told him that she had left the Island; that the children are living with him.

With these facts before us let us examine the errors assigned:

■ With respect to the allegation that the complaint does not state facts sufficient to constitute a cause of action for divorce by desertion, appellant contends that the exact date on which the defendant deserted the plaintiff should have been set forth in the fourth averment of the complaint in order to determine whether the year required by paragraph 5 of §96 of the Civil Code had elapsed. There is no merit in appellant's contention because since it is alleged in the complaint that the defendant deserted the plaintiff towards the end of the year 1939 and that from that date she has refused to live with him and since the complaint was filed on January 22, 1941, said complaint states facts sufficient to constitute a cause of action, even though it does

not set forth the date on which desertion took place, as we decided in the case of· *Meléndez* v. *Pérez,* 38 P.R.R. 727, for the facts which tend to demonstrate desertion for more than a ·year are a matter of proof and of evidence at the trial.

As to the second assignment of error, the defendant-appellant admits that, according to our Law of Evidence, the testimony of a witness which the court believes as worthy of credit is sufficient to prove a fact, but she argues that in cases of divorce by default an exception should be established, especially when there exist third persons who are affected by this judgment, that is, the children, and that in said cases corroboration of the testimony of the party who seeks the divorce should be required.

The authorities invoked by the appellant in support of her theory that additional testimony should be required to corroborate plaintiff's testimony in an action of divorce refer to, and apply, the rule existing in those states where the common law prevails or to those where said corroboration is expressly required by law when there is a confession of admission from the party. This rule is but an adaptation of the 105th cannon of the English Ecclesiastical Courts, which, in its pertinent part, reads as follows: "that in all proceedings to divorce and nullities of matrimony, good circumspection and advice be used, and that the truth may (as far as possible) be sifted out by the depositions of witnesses; and other lawful proofs and evictions, and that credit be not given to the sole confession of the parties themselves, however taken on oath either within or without court." *Harrison* v. *Harrison* (1842) 13 Eng. Reprint, 238. And even in those states and in England itself, the rule has not been strictly applied to cases where it was shown that there had been no concubinage or collusion between the parties. (See annotation in 40 A.L.R. 630.)

In Puerto Rico there is no statutory provision whatsoever precluding the courts from granting a divorce decree

on the sole testimony of the party or of a witness who is worthy of credit so long as said evidence is direct, §380 of the Code of Civil Procedure (§18 of the Law of Evidence). Section 371 of the same Code (§9 of the Law) defines said evidence thus:

"Direct evidence is that which proves the fact in dispute, directly, without an inference or presumption, and which in itself, if true, conclusively establishes that fact . . ."

■ Can the testimony given by the plaintiff in the case at bar be considered as direct evidence of the fact in dispute, that is, the alleged desertion by his wife? We do not think so. The law provides that the fact in dispute should be established but without an inference or presumption and conclusively. Plaintiff's testimony could have been sufficient to establish such basic fact of the complaint, but he confined himself to testifying in a very doubtful manner that he lived with his wife until 1940, without specifying an exact date and further stated that she left her home at the end of 1939 but that he paid no attention to that because she had left the house at other times. As to the fact that she had gone to New York, his testimony was on information for at first he stated categorically that he did not know where she was and later that some friends had told him that she had sailed away. It does not appear sufficiently from the evidence whether on January 22, 1941, when the complaint was filed, more than a year had elapsed after the alleged desertion by the defendant. At most it showed a separation of the spouses.

■ This court has repeatedly held that when desertion is involved as a ground for divorce, the period of one year does not begin to run at the very moment of the separation, but at the time of the refusal of the spouse, that is, when the defendant spouse manifests his firm and definite intention of abandoning the other. *Girot* v. *Crispín*, 23 P.R.R. 764; *Parés* v. *Echandi*, 55 P.R.R. 155; *Martínez* v. *Avilés*, 57 P.R.R. 186. The fact that the case at bar was decided

184

by a default judgment does not render the rule less applicable. Because of the interest of the State in all the divorce cases especially when there are children involved, the district courts should see that at trials held after default the the plaintiff should prove properly all the facts necessary to establish the ground alleged in the complaint, with the same formality as though the action were being contested.

Not because plaintiff's testimony was destitute of corroboration, but because it did not satisfactorily establish the fact in dispute, the evidence in this case is insufficient to support the judgment appealed from.

The third error was committed and therefore, the appeal is sustainined and the judgment appeal from reversed, dismissing the complaint with costs.